## McClintock v. Pa. Department of Transportation

*John Campana,* for petitioner.
*Francis Bach,* for respondent.

WOLLET, *J.,* April 25, 1984—This case comes before the court on petitioner's appeal from the action of the Pennsylvania Department of Transportation in suspending his operating privileges for a period of one year. Petitioner's suspension resulted from an alleged violation of section 1547 of the Motor Vehicle Code. 75 Pa.C.S. §1547. After a hearing on this matter, the court makes the following

### FINDINGS OF FACT

1. On December 12, 1983, petitioner was the driver of a vehicle which was involved in an accident.

2. At the accident scene, a police officer requested petitioner to submit to a "sobriety test", to which petitioner agreed.

3. Petitioner was taken to a hospital for treatment of minor injuries. There, the officer asked petitioner to submit to a blood or urine test. Petitioner refused, but stated that he would submit to a breathalyzer test.

4. While petitioner was at the hospital, a blood or urine test would have been more convenient than a breath test, because of the proximity of laboratory equipment, and because hospital personnel advised petitioner to remain at the hospital for a while.

5. While at the hospital, petitioner was equally capable of performing a breath, blood, or urine test.

## DISCUSSION

The only issue in this appeal is whether a driver's operating privileges must be suspended for refusal to submit to any of the three chemical tests for alcohol — blood, breath, or urine — even though the driver agrees to submit to only one type of test. Here, petitioner argues that his operating privileges should not be suspended because he did agree to submit to one of the three tests, a breathalyzer test. This issue is governed by the following statutory language.

"§ 1547. Chemical testing to determine amount of alcohol or controlled substance

(a) General Rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months . . ." 75 Pa.C.S. §1547.

From a reading of this language, the court finds no requirement that an officer offer a breath test prior to offering a blood test, or that a driver may choose the type of chemical test which he prefers. Nowhere does section 1547 give a driver the option to choose among tests of breath, blood, or urine. See Commonwealth v. Byrne, 70 Del. 507(1983). The petitioner's argument relies upon cases, such as Commonwealtth v. Dourte, 66 Pa. Commw. 511, 445 A.2d 264 (1982), which were decided under the former Motor Vehicle Code. It is true that section 1547 (g) of the former Motor Vehicle Code, captioned "Blood test in lieu of breath test," supports petitioner's contention that the refusal to submit to a blood test may lead to license suspension only where the driver is physically unable to supply enough breath to complete the breath test. Id. However, there is no such provision in the new Motor Vehicle Code, amended December 12, 1982, which distinguishes among breath, blood, and urine tests. Therefore, the court concludes that a driver must agree or refuse to submit to whichever of the three

chemical tests is requested, and that the police officer has the option of offering whichever test is most expedient, under the circumstances. Because petitioner here refused to submit to the requested blood test, his operating privileges were properly suspended.

### · ORDER

And now, April 25, 1984, the appeal and petition to set aside the suspension of petitioner's operating privileges for a period of one year are hereby denied.